## HAYES *v.* BRANDT.

### Opinion delivered November 26, 1906.

1. PLEADING—BILL OF PARTICULARS—IMPLIED AMENDMENT.—In an action to recover damages for loss of property by fire alleged to have been negligently caused by defendant, where plaintiff filed with his complaint a bill of particulars of the articles lost, it was not error to permit him to testify to the loss and value of articles not set out in the bill of particulars as such action was tantamount to permitting the amendment of the complaint and bill of particulars. (Page 596.)

2. DEPOSITION—NONRESIDENT WITNESS.—The deposition of an absent and non-resident witness may be read in an action at law. (Page 597.)

3. NEGLIGENCE—EVIDENCE OF OTHER FIRES.—Evidence that fires had previously occurred repeatedly on defendant's premises which had set fire to plaintiff's property, and that defendant had knowledge thereof, was admissible to be considered in determining whether defendant

exercised due care to prevent the fire which caused the injury of which complaint was made. (Page 597.)

Appeal from Garland Circuit Court, *Alexander M. Duffie,* Judge; affirmed.

### STATEMENT BY THE COURT.

This action was begun in the circuit court of Garland County by the appellee, Brandt, to recover five hundred dollars damages, which appellee claimed he had suffered by reason of the appellant having carelessly and negligently set fire to a pile of rubbish so near to appellant's house as to endanger it, and by the appellant afterwards so carelessly and negligently keeping said fire, that it was communicated to appellee's house, destroying it. Appellant denied all the material allegations, and alleged that if appellee's house was burned it was not caused by appellant or his servants.

There was evidence on behalf of appellee tending to prove that appellant was lessee of the Park Hotel property extending to the Creek and Garden Street, that appellant had control of the Park Hotel property for four years. A witness who was stopping at appellee's house at the time same was burned testified that he was in the house when the alarm of fire was given. The fire was on the the roof of the house next to the Park Hotel; it was not burning in the house. It was a stormy day. There was a trail of burned articles and ashes rolled up from the fire on the Park Hotel yard to within three or four feet of appellee's house, and witness noticed rubbish flying in the air from the trash pile in the Park Hotel yard. The fence did not catch fire that day, but the fence caught fire once before. Witness saw fires in the Park Hotel yard before that day. The fire on the Park Hotel premises was thirty-six steps from Brandt's house at the nearest point.

Over objection of appellant witnesses were permitted to testify to other fires of similar character that had previously been set in Park Hotel yard, and appellee over objection of appellant was permitted to testify that he had every day previously seen fires in the Park Hotel yard, and that three weeks prior his fence had caught fire, and he had notified a man in the office of the Park Hotel "who must have been a clerk." He was also permitted to

80—38

testify over appellant's objection that the day his fence caught fire (three weeks prior to the fire complained of) he saw a man poking the fire, and asked if he was the yard man, and the man said "Yes;" that he told the man he was making too big fires, and would burn him (witness) out, and that he must have been the yard man. Another witness, over objection, was permitted to testify that while she did not notice any fire in the Park Hotel yard that morning, they were all the time burning trash there. Still another witness, over objection, testified that they were in the habit of burning stuff in the Park Hotel yard, that it was the custom to burn rubbish such as paper, straw, boxes and barrels there, that the man "Al" whom he had seen on former occasions was an attache there and was employed by the Park Hotel, and he had seen him burning trash there on other occasions.

The appellee, over the objections of appellant, read in evidence the deposition of one Miller, who testified that the fire caught from the outside of the house, on the roof. Witness roomed in a house adjoining, and went into the yard when he noticed the fire. Didn't go in house, but only fire he saw at first was on roof. Noticed fire in Park Hotel yard that day, but couldn't recall whether before or after appellee's house caught on fire. After fire at Brandt's house was extinguished, looked around and saw bonfire in Park Hotel yard. A trial of burned debris led from this fire to within six or eight feet of Brandt's fence. Strong wind was blowing towards Brandt's from bonfire. The general objection of appellant was that it did not appear that Miller was not in Garland County at the time of the trial. The deposition was taken April 5, 1905, by agreement of parties to be read in evidence on a trial of this case. The second answer in his deposition shows that he is a non-resident, his home being in Elgin, Ill. The deposition was taken on April 5, 1905, and the trial was April 17. Miller, in his deposition, stated that he expected to go home any time, probably in a day or two. Before admitting the deposition, the testimony of appellee was taken showing that he had looked and inquired for Miller since the deposition was taken, and was informed at his boarding house that he had left there, and they supposed he had left town. Witness had not seen Miller since his deposition was taken.

Appellee was permitted, over objection of appellant, to testify

to the loss and value of four overcoats, none of which were set out in the bill of particulars filed with the complaint. The testimony on behalf of appellant tended to show that the fire complained of originated in the house of appellee, and that it was not caused by the fire from the Park Hotel yard.

The verdict and judgment were for $442.

*Greaves & Martin,* for appellant.

1. Appellant was entitled to a peremptory instruction. If all the evidence on the part of appellee were true, still there is no testimony showing appellant's liability.

2. The court erred in admitting testimony as to fires on other occasions than the one complained of. 1 Greenleaf, Ev. §. 52; *Id.*, § 53; 59 Ark. 111; 49 Ark. 542.

3. If one in good faith sets a fire on his own premises, he is not liable if the fire accidentally escapes to the property of another. 34 Mo. App. 242. He is not liable unless the fire started through his negligence, or he failed to use ordinary care and skill in controlling or extinguishing it. 5 Am. St. Rep. 734; A. Johns. 421; 18 Barb. 347; 57 Am. Dec. 242; 76 *Id.* 237; 22 Barb. 619; 44 *id.* 424; 30 Am. St. Rep. 494.

4. Destruction of property by fire, either on the premises where it starts or on other property to which it is communicated, does not raise a presumption of negligence either in the kindling or management of it. The burden, in such case, is upon the plaintiff to show negligence on the part of the party kindling the fire. 16 Ark. 308; 81 Mo. 80; 70 N. C. 596; 62 Me. 289; 18 Me. 32; 75 Me. 373; 44 N. J. L. 280; 40 Pa. St. 399; 21 L. R. A. 256, note.

5. It was error to allow appellee to testify to the loss and value of articles not set out in his bill of particulars.

6. In allowing the deposition of John E. Miller to be read in evidence, the court erred.

*C. V. Teague,* for appellee.

1. Miller's deposition was properly admitted, the witness, being a non-resident of the State, having stated that he expected to leave forthwith for his home in Illinois and before the trial of the case, and inquiry having been made for him at the time of

the trial developing the fact that he had left.    Kirby's Digest, § §
3157, 3158.

2.    Since the testimony as to fires other than the one com-
plained of was excluded from the jury, appellant cannot assign
error on that ground; but appellee contends that such evidence
was competent.    27 N. W. 567; 1 L. R. A. 627, note; 59 Ark.
111.    It was admissible as tending to show that defendant had
knowledge of the fact that the waste paper, debris, etc., was being
burned, on the premises, and thus imposed on him the duty to
see that due care was used.    89 Am. Dec. 418; 5. L. R. A. 498;
25 N. W. 555; 41 N. W. 896; 27 L. Ed. 618.

3.    The evidence in the case shows that the fire was on prem-
ises controlled by appellant, that it was the place used by his ser-
vant to burn the trash, etc., collected about the hotel.    It was
competent to show by circumstantial evidence that he set fire to it,
and that this fire caused the damage.    53 N. E. 956; 30 N. E.
696; 28 N. W. 215; 101 Fed. 66; 13 So. 899.    See also 65 Ark.
96; 40 S. W. 438; 3 Elliott, Railroads, § 1229.

4.    Setting out such a fire on a stormy day was negligence,
as likewise leaving it unguarded.    *Ubi supra;* 42 N. W. 599.

WOOD, J., (after stating the facts.)    It conceded in the brief
of counsel for appellant that the charge of the court was the law
applicable to the facts.    But it is contended that the court erred
in the following particulars:

1.    In permitting the appellee to testify to the loss and
value of articles not set out in his bill of particulars.

2.    In allowing the deposition of John E. Miller to be read
in evidence by the appellee.

3.    In refusing to direct a verdict for appellant because:  (*a.*)
The proof wholly failed to connect appellant with the setting or
keeping of the fire.  (*b.*)    The proof wholly fails to show that
appellee's house caught from the burning trash, and (*c.*)  Because
there is no evidence of negligence in the setting or keeping of
said fire, and no circumstances from which the jury might infer
negligence.

4.    The court should have set aside the verdict and awarded
a new trial.    The verdict traversed the evidence as well as the
charge of the court, and ought not to stand.

First.    The permitting appellee to testify to the loss and

value of articles not set out in the bill of particulars was only tantamount to permiting appellee to amend his complaint and bill of particulars, so as to embrace such articles. There was no error in this.

Second. There was no error in permitting the deposition of Miller to be read in evidence. It was taken by consent to be read as evidence. The deposition discloses that the witness was a resident of Illinois. The witness was not in attendance upon the court. Under our statute, aside from the agreement of counsel, the deposition was admissible. Secs. 3157-58, Kirby's Digest.

Third. There was testimony tending to show that the premises on which the fire in controversy was set, were under the control of appellant, and that one in his employ who set this fire had been in the habit of piling and burning rubbish there, and from this source a fire had previously occurred which had burned the fence of appellee, and that appellee, had notified this servant that the fires he was making would "burn appellee out." This testimony was clearly admissible, as tending to show that appellant had knowledge of the fact that the fires that were being kindled on his premises were dangerous to the property of appellee. Having such knowledge, the duty was imposed upon appellant to observe ordinary care to see that such fires were kept under proper control.*

The evidence of such fires repeatedly occurring, of which appellant had knowledge, is a circumstance, which was proper to be considered in determining whether appellant had exercised ordinary care to prevent the fire which caused the injury complained of.†

Fourth. As to whether or not the fire, which caused appellee's injury, was produced through the negligence of appellant was a question of fact which the court sent to the jury under proper instructions. There was evidence sufficient here to uphold the verdict. Affirm.

---

*District of Columbia *v.* Armes, 107 U. S. 519, and cases cited.

†See *supra*; also other cases cited in appellee's brief.